# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DONALD E. FARROW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-16-1122-R** |
| | ) | |
| | ) | |
| **BNSF RAILWAY COMPANY,** | ) | |
| **ET AL.,** | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff filed a Motion to Remand (Doc. No. 16) to which Defendant CDL Electric filed the sole response in opposition. Having considered the parties' submissions, the Court finds as follows.

In the Amended Petition Plaintiff alleges that despite his best efforts he was unable to avoid a collision between the Mack truck he was operating and a train operated by Defendant BNSF in March 2012, because the flashing lights at the crossing were not operating. Plaintiff alleged in the Amended Petition, filed in the District Court of Oklahoma County, that Defendants failed to comply with certain standards of care established by federal statutes, regulations or orders of the Secretary of Transportation and the Secretary of Homeland Security which provided the standard of care for Plaintiff's state law negligence claims. *See e.g.* Amended Petition ¶ 25 (citing 49 C.F.R. § 229.129 with regard to Defendant BNSF's failure to ensure horn audible per federal standards), *id.* at ¶ 31 (railroads failed to comply with visual requirements set forth in 49 C.F.R. § 229.125), *id.*

at ¶ 39 (violation of speed restrictions contained in federal regulations); *id.* at ¶ 49 (setting

forth alleged violation of federal regulations by Defendants WATCO/Stillwater

Central/CDL Electric). Defendant contends that this reliance by Plaintiff confers federal

question jurisdiction upon the Court and thus its removal was proper.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis

for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 908, 984 (10th Cir. 2013) (quoting

*Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). In

addition to diversity jurisdiction, which is admittedly absent here, a federal court has

jurisdiction over a claim if it is one "arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331. "Most directly, a case arises under federal law when

federal law creates the cause of action asserted." *See Gunn v. Minton,* ––– U.S. –––, 133

S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013)*.* This is not, however, the situation here. Rather,

Defendant contends Plaintiff's claims fall into the "special and small category" identified

by *Gunn* where federal question jurisdiction lies over state-law claims.

The Supreme Court in *Gunn* enunciated a four part test, "federal jurisdiction over a

state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3)

substantial, and (4) capable of resolution without disrupting the federal-state balance

approved by Congress." *See id*. at 1065 (citing *Grable & Sons Metal Prods., Inc. v. Darue

Eng'g and Mfg.*, 545 U.S. 308, 313–14, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)). Given

that the category of cases that fall under this umbrella is described by the Supreme Court

as "slim," assessment of the factors "rarely results in a finding of federal jurisdiction."

*Evergreen Square v. Wisconsin Housing & Econ. Dev. Auth*., 776 F.3d 463, 466 (7th

Cir.2015). The Tenth Circuit identified principles to mark the "narrow boundaries" of this basis for federal jurisdiction:

> [T]he recognition of substantial question jurisdiction does not disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Nor can federal question jurisdiction depend solely on a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. Finally, if a claim does not present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases, but rather is fact-bound and situation-specific, then federal question jurisdiction will generally be inappropriate.

*Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947–48 (10th Cir.2014) (internal quotations and citations omitted).

In this case Defendant relies upon the theory that Plaintiff's state claims are premised on federal statutes and regulations regulating railways, and therefore, there is a federal question that is both "contested and substantial." The United States Court of Appeals for the Fifth Circuit addressed a similar claim in *Hampton v. Corman*, 683 F.3d 708 (6th Cir. 2012). The *Hampton* court, on appeal from an order granting summary judgment in favor of the defendant, *sua sponte* addressed federal court jurisdiction, and concluded that there was no jurisdiction over the plaintiff's claims. Hampton's claims, like those of the Plaintiff herein, were state law tort claims that relied upon federal law as establishing the minimum standard of care. Hampton alleged "'Defendants . . . failed to comply' with two federal statutes—'the Federal Railroad Safety Act of 1970, 45 U.S.C. § 431, et Seq. [sic]' and 49 U.S.C. § 20134—and with one federal regulation, 23 C.F.R. §

646.214." *Id.* at 711. The court concluded that federal court jurisdiction was lacking, because the federal issue was not substantial.

> The "commonsense notion [is] that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* Nonetheless, federal-question jurisdiction "demands not only a contested federal issue, but a substantial one." *Id.* at 313, 125 S.Ct. 2363.

*Hampton*, 683 F.3d at 712 (quoting *Grable* 545 U.S. at 312). The *Hampton* court concluded that the state law claims premised on federal railway standards were functionally identical to the claims in *Merrell Dow*, the position espoused by Plaintiff herein. The court rejected the contention upon which Defendant's herein rely, that *Grable & Sons* dictates a contrary result.

> Hampton's claim is a garden-variety state tort claim; she alleges that RJC violated federal statutes and regulations and thus was presumptively negligent under Kentucky law. Finding a state-law negligence claim removable on the sole basis that the violation of a federal statute creates a presumption of negligence under state law would "flout, or at least undermine, congressional intent," *Merrell Dow*, 478 U.S. at 812, 106 S.Ct. 3229, and would "herald[ ] a potentially enormous shift of traditionally state cases into federal courts."

*Id.* at 712-13. Although Defendants' compliance with federal law, or lack thereof, will be litigated in this case and relevant to the outcome, the issues are not significant to the federal system as a whole. Furthermore, contrary to the Tenth Circuit requirement in *Becker*, the issues herein will be largely factual and not pure issues of law, and thus of limited significance to the system. .

> [I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim "necessarily raise[s]" a disputed issue.... The substantiality inquiry... looks instead to the importance of the issue to the federal system as a whole.

4

*Gunn*, 133 S.Ct. 1959. As explained by the Supreme Court in *Merrell Dow* and *Grable*, plaintiff's reliance on federal law as the source of a duty under state law is insufficient to create federal question jurisdiction. *See Fuller v. BNSF Ry. Co.* 472 F.Supp.2d 1088, 1095 (S.D.Ill. 2007).

For the reasons set forth above, the Court finds that Defendant CDL Electric, Inc. has not met its burden of establishing this Court's jurisdiction. The Court hereby GRANTS Plaintiff's Motion to Remand for want of jurisdiction. The Clerk shall remand this action to the District Court of Oklahoma County.

IT IS SO ORDERED this 22nd day of December, 2016.


_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE